UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERIC JEVON HALL,  :
    Petitioner  :
  :
    vs.  :  CIVIL NO. 1:11-CV-0921
  :
GERALD L. ROZAM, *et al.*,  :
    Respondents  :

*M E M O R A N D U M*

*I.  Introduction*

Petitioner Eric Jevon Hall, an inmate at the State Correction Institution at Somerset, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises four grounds for relief: (1) ineffective assistance of counsel for failure to preserve a weight of the evidence claim; (2) ineffective assistance of counsel for failure to transcribe the preliminary hearing; (3) ineffective assistance of counsel for not challenging the trial court's bias; and (4) ineffective assistance of counsel for failing to challenge the trial court's abuse of discretion in not affording petitioner an opportunity to speak at his sentencing. After a careful review of Petitioner's claim, we will deny his petition.

*II.     Background*

While Petitioner was an inmate at the State Correctional Institution at Frackville ("SCI-Frackville"), he was charged with aggravated assault on a correctional officer, simple assault, and harassment. A jury trial was held in September 2007 in Schuylkill County. The evidence admitted at trial indicated that on October 18, 2006, Nurse Tracy Frantz and Correctional Officer ("CO") Daniel Hughes were assigned to deliver medication to prisoners in the restricted housing unit of SCI-Frackville. Frantz testified that she approached Petitioner's cell to provide him with a medication cup through a wicket in the cell door. Petitioner called out to Frantz through the wicket and demanded that she come closer. Frantz stepped back and Petitioner stuck his hands through the wicket. CO Hughes stepped between them and attempted to secure the wicket. Frantz testified that she saw Petitioner's hands extend through the wicket and around the neck area of CO Hughes. CO Hughes testified that Petitioner struck him below the jaw on his neck and continued swinging at him until the incident ended upon the arrival of other officers.

The jury found Petitioner not guilty of aggravated assault and simple assault, but the court found him guilty of harassment.[1] Petitioner was sentenced to thirty to ninety days imprisonment to be served consecutively to the sentence he is currently

---

[1] Pursuant to 18 Pa.C.S. 2709(a)(1), "A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person . . . strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same."

2

serving. Petitioner filed a *pro se* appeal on September 28, 2007. New counsel was appointed, and the appeal proceeded. The Superior Court found that there was sufficient evidence to sustain Petitioner's harassment conviction and affirmed the sentence. On April 30, 2009, Petitioner filed a *pro se* Post-Conviction Relief Act ("PCRA") petition, alleging ineffective assistance of trial and appellate counsel for failing to preserve a weight of the evidence claim. PCRA counsel was appointed but did not file an amended petition. The petition was dismissed without a hearing, and Petitioner appealed to the Superior Court. The Superior Court affirmed the dismissal.

*III.       Discussion*

   *A. Timeliness and Exhaustion*

A habeas claim filed in federal court by a state prisoner must be timely, and the prisoner must exhaust every avenue of state review. A state prisoner must file the habeas petition within one year of the date of the state court's final judgment. 28 U.S.C. § 2244(d)(1)(A). Section 2254(b) also requires that the prisoner exhaust state court remedies by presenting each claim in at least one round of state appellate review. Carey v. Saffold, 536 U.S. 214, 220 (2002) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). Upon review of the record, we find that Petitioner has filed within the time required by 28 U.S.C. § 2244(d)(1)(A). However, Petitioner admits that he has not exhausted grounds two, three, and four. (Doc. 1, at 12). He asserts that this failure to exhaust should be excused, because his PCRA counsel refused to raise and brief these issues on appeal. Petitioner alleges that he filed a *pro se* appellate brief with the

Superior Court that included these claims, but only the counseled brief was considered by the court.  Because we find that Petitioner's claims fail on the merits, we shall bypass the exhaustion requirement.  See Roman v. Diguglielmo, 675 F.3d 204, 209 (3d Cir. 2012) (finding "we may bypass the exhaustion issue altogether should we decide that the petitioner's habeas claim fails on the merits."); 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

  *B.  Standard of Review*

  28 U.S.C. § 2254(a) authorizes a federal court to consider a petition for a writ of habeas corpus filed by a state prisoner in custody claiming that his detention violates the Constitution, laws or treaties of the United States.  A federal court may not grant the petition unless it determines that the state court proceedings

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

  A state court judgment is "contrary to" federal law when it is "diametrically different, opposite in character or nature, or mutually opposed" to "clearly established" decisions of the United States Supreme Court.  Williams v. Taylor, 529 U.S. 362, 405, 120 S.Ct. 1495 (2000).  This may occur if "the state court ignores or misapprehends clear precedent or it 'confronts a set of facts that are materially indistinguishable from a

4

decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" Wilkerson v. Klem, 412 F.3d 449, 452 (3d Cir. 2005) (quoting Williams, 529 U.S. at 406). Alternatively, a state court judgment is an "unreasonable application" of federal law if it chose the correct rule of law based on the facts, but applied the rule in an "objectively unreasonable way." Id. "A court that unreasonably extends an established rule to a new context where it should not apply or . . . unreasonably fails to extend such a rule to a new context where it should apply" may have unreasonably applied the correct rule of law. Id. (citing Williams).

The Third Circuit has set forth a two-step process for reviewing a § 2254 petition. First, we identify the applicable Supreme Court precedent. Outten v. Kearney, 464 F.3d 401, 413 (3d Cir. 2006). The petitioner must show that Supreme Court precedent requires the opposite result, not merely that his interpretation is more plausible than that of the state court. Id. Second, we objectively evaluate whether the state court decision was an unreasonable application of Supreme Court precedent. Id. at 414 (citing Werts v. Vaughn, 228 F.3d 178 (3d Cir. 2000)). We cannot grant relief simply because "we disagree with the state court's decision or because we would have reached a different result." Id. We may only grant relief if "the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Id. (quoting Hackett v. Price, 381 F.3d 281, 287 (3d Cir. 2004)). But, a state court decision is not contrary to clearly established law because it failed to cite applicable Supreme Court precedent. Mitchell v. Esparza, 540

U.S. 12, 16, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003). Instead, we focus on whether the state court's reasoning or the result contradicts applicable precedent. Id.

### B. Ineffective Assistance of Counsel

To bring an ineffective assistance of counsel claim, a habeas petitioner must show "(1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different." Rainey v. Varner, 603 F.3d 189, 197 (3d Cir. 2010) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

#### 1. Weight of the Evidence

Petitioner's first claim asserts that his trial counsel was ineffective for failing to preserve a weight of the evidence challenge, and his appellate counsel was ineffective for failing to raise the issue on direct appeal. This claim was adjudicated on the merits by the Superior Court during its review of Petitioner's PCRA petition, limiting habeas relief to where the state adjudication of the claim was contrary to clearly established federal law or was based on an unreasonable determination of the facts. Harrington v. Gillis, 456 F.3d 188, 124 (3d Cir. 2006) (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-23, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)).

The state appellate court found that the inconsistencies in testimony that led to Petitioner's weight of the evidence claim "individually and collectively, fail to rise to a level which would render the verdict a matter of pure speculation or which would shock our sense of justice." (Doc. 1, at 42). Finding Petitioner's weight of the evidence claim

had no merit, the state appellate court held that counsel could not have been ineffective for failing to raise the issue.  The court also noted that Petitioner did not demonstrate he suffered any prejudice as a result of the alleged ineffectiveness of counsel.  We find that the state court's decision was not contrary to clearly established federal law, and Petitioner's first claim fails.

*2.  Failure to Obtain Transcript of Preliminary Hearing*

Next, Petitioner argues that his trial counsel was ineffective for "not having the preliminary hearing transcribed for impeachment purposes, and for not raising the issue on appeal."  (Doc. 1, at 7).  Trial counsel took notes and had an investigator take notes at the preliminary hearing instead of requesting to have the court reporter present.  Petitioner asserts that this led to trial counsel's failure to impeach CO Hughes' trial testimony, which was allegedly inconsistent with his testimony at the preliminary hearing.

We find that this does not meet either requirement to demonstrate ineffective assistance of counsel.  See Rainey v. Varner, 603 F.3d 189, 197 (3d Cir. 2010) (finding two requirements to state an ineffective assistance of counsel claim:  "(1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different").  Petitioner asserts that if the preliminary hearing had been transcribed and an official transcript ordered, trial counsel would have been able to cross-examine CO Hughes regarding the inconsistency.  Trial counsel's notes, attached to the habeas petition, adequately represent the testimony at the preliminary trial.  Petitioner has not

provided sufficient evidence to show that the representation of his trial and appellate counsel fell below an objective standard of reasonableness. Additionally, Petitioner has not demonstrated that there was a reasonable probability that if his trial attorney had a transcript of the preliminary hearing, the result of the trial would have been different.

### 3. Fair Trial in Front of an Unbiased Judge

Petitioner's third claim for ineffective assistance of counsel alleges that his appellate counsel did not "challenge the Court's abuse of discretion for not affording petitioner a fair trial in front of an unbiased judge." (Doc. 1, at 9). He argues that the trial judge was unable to view the videotape of the incident in question when it was played at trial, and he did not consider it when finding Petitioner guilty of harassment. Petitioner alleges this deprives him "of a fair trial in front of a neutral and unbiased trier of fact." He asserts that his appellate counsel was ineffective for failing to raise this claim on appeal. We find that Petitioner has not presented any evidence to demonstrate that the trial judge was biased, and his ineffective assistance of counsel claim must be denied.

### 4. Opportunity to Speak at Sentencing

Finally, Petitioner asserts that he should have been afforded an opportunity to address the court prior to being sentenced, and that his appellate counsel was ineffective for failing to bring this claim on appeal. In support of his assertion, Petitioner relies on Pennsylvania Rule of Criminal Procedure 704(C)(1). As the Commonwealth's response points out, Petitioner was convicted of summary harassment and the rule does not apply to summary cases. Rule 704(A)(3) provides that "[i]n a summary case appeal,

sentence shall be imposed immediately following a determination of guilt at a trial *de novo* in the court of common pleas." Thus, Petitioner's counsel was not ineffective for failing to raise this issue on appeal.

*IV.*        *Conclusion*

We will issue an order denying the section 2254 petition. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, see 28 U.S.C. § 2253(a); FED. R. APP. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See FED. R. APP. P. 22; Local Rule of Appellate Procedure 22.1.

                                          /s/William W. Caldwell
                                          William W. Caldwell
                                          United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERIC JEVON HALL,  :
    Petitioner  :
      :
    vs.  :  CIVIL NO. 1:11-CV-0921
      :
GERALD L. ROZAM, *et al.*,  :
    Respondents  :

*O R D E R*

AND NOW, this 16th day of August, 2012, upon consideration of Petitioner's motion for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), and pursuant to the accompanying Memorandum, it is ordered that:

    1.  The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 motion is denied.

    2.  A certificate of appealability is denied.

    3.  The Clerk of Court shall close this file.

                                         /s/William W. Caldwell
                                         William W. Caldwell
                                         United States District Judge